ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

THOMAS A. COLTHURST (CABN 99493)
Chief, Criminal Division

JEFFREY A. BACKHUS (CABN 200177)
Assistant United States Attorney

    150 Almaden Boulevard, Suite 900
    San Jose, California 95113
    Telephone: (408) 535-5080
    FAX: (408) 535-5066
    jeffrey.backhus@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR 23-0052 EJD |
|     Plaintiff, |     CR 09-00136 EJD |
|   v. | GOVERNMENT'S SENTENCING MEMORANDUM |
| JAMES TERRELL BOOKER, | |
|     Defendant. | |

    The government, by and through its counsel of record, herein submits its sentencing recommendation.

**I.    Introduction**

    Pursuant the plea agreement in case number CR 23-0052 EJD, the government recommends a sentence of 24-months of imprisonment, followed by three years of probation on the terms recommended by Probation. In addition, the government contends that any sentence imposed in case number CR 23-0052 EJD, should run consecutively to a sentence imposed for the defendant's violation of the terms of his supervised release in case number CR 09-00136 EJD. *See* U.S.S.G. § 7B1.3(f).

## II. Guideline Calculation

The government concurs with Probation's calculation of the Guidelines in case number CR 23-0052 EJD as follows:

| | |
|---|---|
| Base Offense Level, U.S.S.G. § 2K2.1(a)(4)(6) | 20 |
| Acceptance of Responsibility, § 3E1.1 | -3 |
| Total Offense Level | 17 |
| Criminal History Category (16 points) | III |
| Total Range (in months) | 30-37 |

Defendant is a Criminal History Category III because, in part, the defendant sustained two federal convictions for conspiracy to distribute and possession with intent to distribute cocaine and crack cocaine. PSR ¶¶ 33, 35.

## III. Section 3553(a) Factors and the Appropriate Sentence

After considering all of the 18 U.S.C. § 3553(a) factors, the government intends to comply with its promises in the plea agreement and, in case number CR 23-0052 EJD, and recommends that the Court impose a below Guidelines sentence of 24-months of imprisonment followed by a three-year term of supervised release.

Although the government does recommend a below Guidelines sentence of 24-months, the government does not believe that the court should depart from the Guidelines any further. As discussed in the Presentence Report ("PSR"), the defendant's criminal behavior began when he was only thirteen years old. In particular, he sustained juvenile adjudications for unlicensed driver (eight times), carrying a firearm in a vehicle, unlawfully fighting in a public place, and possession of cocaine for sale. PSR ¶¶ 28-32. As stated above, the defendant was also convicted of two federal offenses for conspiracy to distribute and possession with intent to distribute cocaine and crack cocaine, in case numbers CR 98-383 and CR 09-00136, respectively. PSR ¶ 33, 35. While incarcerated at the BOP for his federal offenses, the defendant escaped twice, once in 2001 and once in 2014. PSR Recommendation at p. 2. In the second incidence, the defendant was a fugitive for one year before being apprehended. *Id*.

Another aggravating factor is defendant's gang ties. As stated in the PSR, the defendant has ties

to the Seaside Family Gang criminal street gang, which is a division of the Seaside Family Crips.  PSR Recommendation at p. 3.  The defendant's ties to the Seaside Family gang are not speculative.  Not only does the defendant have documented gang tattoos, "SFC" and "Seaside Fam," which show his association with the gang, but the Seaside Police Department advised Probation that the defendant is a well-known Seaside Family Gang member who has been active since 1990.  *Id*.

As stated, the government does recommend a below Guidelines 24-month sentence in case number CR 23-0052 EJD.  However, the government believes that any such sentence should run consecutively to the sentenced imposed for the defendant violating the terms of his supervised release in case number CR 09-00136.  While not mandatory, consecutive sentences are recommended under the U.S.S.G. § 7B1.3(f).  Consecutive sentences reflect the two actual offences that occurred, the breach of trust and the criminal conduct that led to the revocation of supervised release.  U.S.S.G. Ch.7, Pt. A(3)(b); *see also United States v. Simtob*, 485 F.3d 1058, 1062-63 (9th Cir.2007) (at a revocation sentencing, the district court can sanction a violator for his breach of trust).  Consecutive sentences for supervised release violations are directly addressed within the Sentencing Guidelines under section 7B1.3(f).  *See* U.S.S.G. § 7B1.3(f) (stating that a term of imprisonment imposed on revocation of supervised release should be served consecutively to any sentence of imprisonment that the defendant is serving).  Such consecutive sentences are not considered impermissible double counting.  *United States v. Smith*, 719 F.3d 1120, 1123–25 (9th Cir.2013); *United States v. Carty*, 520 F.3d 984, 994–95 (9th Cir.2008) (en banc).  Considering the defendant's failure to be deterred and breach of the court's trust, consecutive sentences are appropriate.

Finally, a consecutive sentence would be substantively reasonable under the sentencing factors and the totality of the circumstances.  *See* 18 U.S.C. §§ 3553(a) and 3583(e); U.S.S.G. § 7B1.3(f).  In light of (1) the defendant's serious criminal history which began at the age of 13, (2) his participation in a criminal street gang, (3) his two federal convictions for conspiracy to distribute and possession with intent to distribute cocaine and crack cocaine, (4) his multiple escapes while in BOP custody, and (5) his violation of his supervised release by committing a crime after release from imprisonment, consecutive sentences are appropriate in this case.

GOVERNMENT'S SENTENCING MEMO
CR 23-0052 EJD

### IV. The Government's Recommended Sentence

The government recommends 24-months of imprisonment, followed by three years of probation on the terms recommended by probation in case number CR 23-0052 EJD. A special assessment of $100 should also be imposed. In addition, the government recommends that any sentence in that case, should run consecutively to a sentence imposed for the defendant's violation of the terms of his supervised release in case number 09-00136 EJD. These sentences would reflect the seriousness of defendant's conduct in case number CR 23-0052 EJD, his serious breach of the Court's trust in case number CR 09-00136 EJD, as well as his history, characteristics and criminal history. The consecutive sentences will also provide, the government hopes, a level of specific deterrence for the defendant and will protect the public from any future crimes committed by the defendant.

ISMAIL J. RAMSEY
United States Attorney

Dated: June 5, 2023

*/s/ Jeffrey A. Backhus*
JEFFREY A. BACKHUS
Assistant United States Attorney